**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS JOHN SMITHSON, | No. 08-15273 |
| Petitioner - Appellant, | D.C. No. CV-01-01373-GEB/DAD |
| v. | |
| DARRELL G. ADAMS, Warden; JEANNE S. WOODFORD; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted July 16, 2010[**]
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and TODD, Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James Dale Todd, Senior United States District Judge for the Western District of Tennessee, sitting by designation.

Thomas Smithson ("Petitioner"), a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his life sentence for first degree felony murder, attempted robbery, and being a convicted felon in possession of a firearm. We review the district court's denial of his habeas petition de novo, and look to the last reasoned state court decision as the basis for the state court judgment. *Cook v. Schriro*, 538 F.3d 1000, 1015 (9th Cir. 2008). Because Petitioner filed his habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies. Under AEDPA, we may only grant a habeas petition if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We affirm.

## I.     Evidence of Prior Conviction

Petitioner contends that he was denied due process of law when the trial court denied his motion to sanitize the admission of his prior burglary conviction. The evidence was accompanied by a limiting instruction to the jury and was admitted to prove the prior felony conviction element of his felon in possession of a firearm charge. Due process is not violated when evidence of a prior felony

conviction is admitted to prove a necessary element of a crime and the jury receives a limiting instruction "that it should not consider the prior conviction as any evidence of the defendant's guilt on the charge on which he was being tried." *Spencer v. Texas*, 385 U.S. 554, 558 (1967). Juries are presumed to follow jury instructions. *See id*. at 561; *Hovey v. Ayers*, 458 F.3d 892, 913 (9th Cir. 2006) ("We presume that juries follow their instructions.").

Here, the California Court of Appeal held that Petitioner's due process rights were not violated by the admission of the evidence because the prior felony conviction was required by section 28(f) of the California Constitution and the jury received a limiting instruction. We hold that the California Court of Appeal's decision denying Petitioner's motion to sanitize was not contrary to, or an unreasonable application of clearly established Supreme Court law. *See Spencer*, 385 U.S. at 558.

## II.    Ineffective Assistance of Counsel

Petitioner argues that trial counsel's failure to move to sever the charge of felon in possession of a firearm from the rest of the charges unduly prejudiced him by allowing the jury to hear evidence of his prior felony burglary conviction. The Sixth Amendment requires effective assistance of counsel. *Strickland v.*

*Washington*, 466 U.S. 668, 684-85 (1984). To establish ineffective assistance of counsel, Petitioner must demonstrate that his counsel's performance was both objectively unreasonable and prejudicial to his defense. *See id*. at 687-88.

Here, the California Court of Appeal held that Petitioner was unable to establish prejudice because (1) the jury received a limiting instruction, (2) the prior felony evidence was too dissimilar from the other charges to ignite prejudicial feelings, and (3) the evidence on the other charges was strong enough to support conviction regardless. We hold that the California Court of Appeal's decision denying Petitioner's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, clearly established Supreme Court law. *See id*. at 697.

## III.  Sufficiency of Evidence

Petitioner contends that the evidence presented against him was insufficient to support his first degree murder and attempted robbery convictions and the robbery special circumstance finding. For sufficiency of evidence claims we consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

4

"[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution." *Id*. at 326. "The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002).

Attempted robbery under Cal. Penal Code § 211 requires that the defendant harbor the specific intent to commit the crime and commit a direct act towards its commission.

Here, substantial evidence supported Petitioner's attempted robbery conviction. In fact, the evidence suggested that the robbery was completed. After arriving at the Spence home and immediately before the shooting, the victim had at least $850 in cash on his person, which he showed to others and in Petitioner's presence. However, when emergency personnel arrived at the scene, there was no money in the victim's possession. While at the Spence house, Petitioner kept the victim in his sight and coaxed two other occupants to leave the house with inconsistent justifications. He previously offered them $50 if they would return and give him a ride in thirty minutes, yet had never offered such a large sum for a

ride. Evidence indicated that Petitioner shot the victim in the neck from close range. Petitioner's statements after he was detained indicate that the shooting was accidental but that it was in furtherance of the robbery. The California Court of Appeal's decision affirming Petitioner's attempted robbery conviction and robbery special circumstance conviction was not contrary to, or an objectively unreasonable application of, federal law. *See Jackson*, 443 U.S. at 319; *Woodford*, 537 U.S. at 25.

California Penal code § 189 mandates that "[a]ll murder . . . which is committed in the perpetration of, or attempt to perpetrate . . . robbery . . . is murder of the first degree." The California Court of Appeal's decision that sufficient evidence existed to support the attempted robbery, which supported Petitioner's felony murder conviction was not contrary to, or an unreasonable application of, federal law. *See Jackson*, 443 U.S. at 319.

**AFFIRMED.**